## IN THE COURT OF APPEALS OF IOWA

No. 20-0293
Filed May 13, 2020

**IN THE INTEREST OF G.C.,**
**Minor Child,**

**E.C., Mother,**
     Appellant,

**S.C., Father,**
     Appellant.

_____

     Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

     Parents separately appeal a permanency order transferring guardianship and custody of their child to a suitable other. **AFFIRMED ON BOTH APPEALS.**


     Julie A. Forsyth of Forsythe Law Office, PLLC, Winterset, for appellant mother.

     Bryan J. Tingle, Des Moines, for appellant father.

     Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

     Tara M. Elcock of Elcock Law Firm, PLC, Indianola, attorney and guardian ad litem for minor child.


     Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Parents separately appeal a permanency order transferring guardianship and custody of their child, born in 2004, to a suitable other pursuant to Iowa Code section 232.104(2)(d)(1) (2018).  Both parents argue the court should have instead directed the State to institute termination proceedings under section 232.104(2)(c).  In other words, the parents wish for their parental rights to be terminated.  The child objects to termination, and the State and guardian ad litem believe termination would not be in the best interests of the child.

Following a permanency hearing, the court is required to take one of various actions.  *See* Iowa Code § 232.104(2).  Those actions include, among others, transferring guardianship and custody of the child to suitable others or directing the State or child's attorney to initiate termination proceedings.  *Id.* § 232.104(2)(c), (d)(1), (3).  An order for the former requires a judicial determination that such an arrangement would be the best permanency plan for the child.  *See id.* § 232.104(3).  Determining the best permanency plan for a child is a best-interests assessment.  Likewise, clear and convincing evidence must show that termination would be contrary to the child's best interests, services were offered to alleviate the need for removal, and the child cannot be returned to the parental home.  *Id.* § 232.104(4).

Upon our de novo review, *see In re K.C.*, 660 N.W.2d 29, 32 (Iowa 2003), we agree with the juvenile court that transfer of guardianship to suitable others is the best permanency option, termination would be contrary to the child's best interests, services were offered to alleviate the need for removal, and the child

cannot be returned to the parental home. We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED ON BOTH APPEALS.**